## CHOI HEYLIN *v.* SHIN SUNG YIL.

### No. 1843.

ARGUED OCTOBER 9, 1928.        DECIDED OCTOBER 12, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit instituted in the district court of Honolulu, wherein the plaintiff claims of the defendant the sum of $92.05 "balance due for so much money lent and advanced by the said plaintiff to and for the said defendant". The magistrate rendered judgment for the plaintiff in the amount prayed for, together with interest, attorney's commissions and costs. From that judgment the case comes to this court by appeal on points of law, one of which is that the magistrate erred

in rendering judgment for the plaintiff in the amount rendered and another of which is that the judgment is contrary to the law, the evidence and the weight of the evidence.

There was undisputed evidence tending to show that the plaintiff, being desirous of obtaining a loan, organized an enterprise known as a "tanamoshi", composed of twenty-one members, each of whom was to pay the sum of $20 per month for the period of twenty-one months; that the plaintiff, as promoter or "boss" of the tanamoshi, was to have the privilege of receiving the moneys contributed at the first meeting (in October, 1925) without bidding or paying any commissions, interest or premium therefor and did accordingly receive at the first meeting the sum of $420, contributed by the twenty-one members at $20 apiece; that at each succeeding monthly meeting the $420 contributed was to be loaned to the member bidding the highest amount of what the members called "interest", that is to say, a sum of money to be paid by the successful bidder to each of the members who at any particular meeting had not yet received a loan from the association,—except that the member who was to receive the loan at the twenty-first and last meeting need not offer or pay any "interest" or premium therefor; that at the meeting of January, 1926, the defendant was the highest bidder as to the amount to be paid to the seventeen members (other than himself) who had not yet received a loan (there being some dispute in the evidence as to whether that amount was $5.50 or $5.05 per person) ; and that at that meeting seventeen members paid $20 apiece and the plaintiff added $80 to the amount so contributed, making a total contribution of $420. There was also evidence from which the magistrate could find either that the defendant received this whole amount of $420 at that meeting and then paid there-

from the amount of his bid to each of the seventeen persons entitled thereto, or that the $420 when collected was placed upon the table, that therefrom the amount of the bids was withdrawn and distributed to the seventeen entitled thereto and that then the defendant received the balance remaining out of the $420. For the purposes of this case this distinction is in reality an immaterial one. In effect the defendant received $420 from the meeting and paid a premium or "interest" of seventeen times $5.50 or $5.05 as the case may have been.

Subsequently, the evidence upon this point being undisputed, the defendant paid to the plaintiff sixteen installments of $20 each on account of the loan of $420 which he had received in January, 1926, and furnished groceries to the plaintiff in the sum of $7.95, leaving a balance of $92.05 which the defendant has not paid to the plaintiff or to anyone else by way of reimbursement. This is the precise amount sued for in this action. On the defendant's behalf it is contended by his attorney that this sum of $92.05 is in reality interest and is usurious and therefore judicially uncollectible. It is unnecessary to pass upon this question at this time. Upon a new trial evidence may be adduced by the parties which will place the court in a better position to determine it correctly. For another reason the judgment must be reversed. There was no evidence before the court tending to support a finding that the $420 which the defendant received in January, 1926, was loaned to him by the plaintiff or a finding that the plaintiff was a trustee for the other persons who joined her in contributing the moneys which were loaned to the defendant. So far as we know, "tanamoshis" are enterprises peculiar to certain Oriental races only and were introduced in Hawaii only after the coming of considerable numbers of the people of those races. We do not know, and it is

not generally known in this community, what the precise terms of a tanamoshi are or whether all tanamoshis are necessarily alike in all of their terms. Insofar as the law of contracts goes, the terms of one tanamoshi may not be the same as the terms of another tanamoshi. The courts cannot take judicial notice of the terms of such enterprises or contracts. It does not appear from the evidence in the case at bar whether under the rules of the particular tanamoshi under consideration the moneys contributed by the members all became the property of the promoter or "boss", the present plaintiff, and were then in turn loaned by her to the defendant, or whether the rules were such as to make the loan one directly from the twenty-one members as partners to the defendant. Such indications as there are to be found in the evidence point to the latter alternative.

In answer to the question addressed to a daughter of the plaintiff, "If every one of the members of the tanamoshi failed to pay that" (a monthly contribution) "who was responsible?" the witness said, "Mother was responsible". This was a mere conclusion of law and would not support a finding that the loan to the defendant was made personally by the plaintiff. So, also, while it appears from the evidence that at the meeting of January, 1926, the plaintiff furnished $80 to make up the deficiency caused by the failure of four members to pay the required $20 each, it does not appear whether she did this as a matter of duty under the rules of the tanamoshi or merely as a loan to the four delinquent members.

The burden was upon the plaintiff to establish at least a *prima facie* case of a loan by her individually to the defendant. This she failed to do. The appeal is sustained, the judgment is reversed, a new trial is granted and the cause is remanded to the district magis-

trate for further proceedings not inconsistent with this opinion.

J. G. Anthony (*Smith, Wild & Hoppe* with him on the brief) for plaintiff.

H. E. Stafford (also on the briefs) for defendant.